```
                                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                                         AT ROANOKE, VA
                                                                              FILED
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF VIRGINIA                        AUG 1 5 2007
                        ROANOKE DIVISION                             JOHN F. CORCORAN, CLERK
                                                                     BY: /s/ S. Saylor
                                                                          DEPUTY CLERK
```

|  |  |
|---|---|
| CHAD VICARS, | ) |
| Plaintiff, | ) Civil Action No. 7:07CV00372 |
|  | ) |
| v. | ) MEMORANDUM OPINION |
|  | ) |
| MRS. MAINE, et al., | ) By: Hon. Glen E. Conrad |
| Defendants. | ) United States District Judge |

Chad Vicars, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983 against Mrs. Maine, a nurse at Wise Correctional Unit #18, and David Robinson, Warden of Wallens Ridge State Prison. For the following reasons, the court will dismiss this action as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

Vicars was previously incarcerated at Wise Correctional Unit #18 in Coeburn, Virginia, where he was prescribed Actifed for a sinus infection. Vicars alleges that Mrs. Maine, who dispensed the medication, failed to inform him or the prison that the medication could cause Vicars to test positive for amphetamines. On November 13, 2005, three days after he began taking the medication, Vicars was given a drug test at Wallens Ridge by Sgt. Fields, where he had been assigned to work. Vicars tested positive for methamphetamine. Vicars told Sgt. Fields that he was on prescription cold medication that could cause a positive result, however Sgt. Fields's inquiry into Vicars's medical records did not reveal he was taking any medication.

As a result of the drug test results, Vicars received a disciplinary charge and was placed in segregation until November 30, 2005, the date of his disciplinary hearing. The charge was ultimately dismissed after the hearing officer found that Vicars had been taking Actifed, and that Actifed could affect the validity of drug test results. Nonetheless, Vicars was placed back in segregation, where he

remained for fifty-seven days.

Vicars filed a complaint in the Western District of Virginia on December 28, 2006 alleging Mrs. Maine acted negligently in failing to advise him of the effects of Actifed and that the officials at Wallens Ridge subjected him to cruel and unusual punishment by leaving him in segregation for a total of seventy-five days. The claim was dismissed without prejudice for failure to state a claim upon which relief may be granted on January 26, 2007, pursuant to 28 U.S.C. § 1915A(b)(1). <u>Vicars v. Maine</u>, No. 7:07cv00016, slip op. at 2 (W.D.Va. Jan. 26, 2007). Vicars filed the present action on July 20, 2007 in the Eastern District of Virginia, and it was transferred to the Western District of Virginia on July 27, 2007.

## Discussion

The Prison Litigation Reform Act states that a federal court shall dismiss an action filed <u>in forma pauperis</u> at any time if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from someone who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Congress has noted that a litigant "whose filing fees are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious or repetitive lawsuits." <u>Johnson v. Edlow</u>, 37 F. Supp.2d 775, 776 (E.D. Va. 1999) (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 324 (1989)). Accordingly, courts are charged with dismissing an action proceeding <u>in forma pauperis</u> any time during the course of the litigation when it becomes apparent that the action is frivolous or malicious. Section 1915(e)(2); <u>Cain v. Commonwealth of Virginia</u>, 982 F. Supp. 1132, 1136 (E.D. Va. 1997). In determining whether an action is frivolous, the court must review not only the instant complaint, but also the plaintiff's prior litigious conduct. <u>Id.</u> (citing <u>Cochran v. Morris</u>, 73 F.3d 1310, 1316-17 (4th Cir. 1996)).

2

Vicars recently filed a lawsuit in this court raising the same claims against the same defendants as in his current complaint. See Vicars v. Maine, No. 7:07cv00016, slip op. at 2 (W.D.Va. Jan. 26, 2007). In plaintiff's previous case, the court dismissed his claims pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. In his present complaint, the allegations from which the claims arise and the constitutional bases for the claims are the same as those in Civil Action No. 7:07cv00016. The court continues to believe that plaintiff's allegations fail to state a claim under the United States Supreme Court decision in Sandin v. Conner, 515 U.S. 472 (1995).

Inasmuch as plaintiff presents no new grounds upon which the court may grant relief, the court notes that it could dismiss this case on the same grounds upon which Civil Action No. 7:07cv00016 was dismissed. Plaintiff's instant complaint does not change the court's determination in his earlier case. See Vicars, No. 7:07cv00016, slip op. at 2. Plaintiff alleges that during his 75 days in segregation, Mrs. Brenda Livesay Bowen, his parental guardian, passed away. Vicars claims he had daily contact with Mrs. Bowen prior to his movement into restrictive confinement, and that his sudden disconnection from her while she was ill caused him emotional pain and suffering. While being housed in a segregation unit while Mrs. Bowen was ill and passed away may have been difficult for Vicars, he fails to allege facts indicating that his changed living conditions caused him significant emotional injuries beyond the characteristic stress of coping with a loved one's death. Additionally, Vicars fails to show his placement in segregation imposed "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

Furthermore, plaintiff is advised that federal law provides that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee if the prisoner has brought,

on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g). Plaintiff is hereby advised that this dismissal constitutes his second "strike" under § 1915(g). <u>Vicars v. Maine</u>, No. 7:07cv00016, slip op. (W.D.Va. Jan. 26, 2007) constitutes plaintiff's first strike.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 14th day of August, 2007.

/s/ Jack Conrad
United States District Judge